UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SYLVIA RABENBAUER, ET AL                CIVIL ACTION NO. 09-cv-0658

VERSUS                                  JUDGE HICKS

STATE FARM INSURANCE CO., ET AL         MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Several Plaintiffs joined to file this civil action against State Farm Insurance Company. Plaintiffs filed their action with this court based on an assertion of diversity jurisdiction, so they bear the burden of alleging facts that demonstrate a basis for the exercise of that form of subject-matter jurisdiction. The original complaint does not set forth adequate facts, as discussed below, to ensure the presence of diversity jurisdiction. Plaintiffs are directed to amend their complaint by **August 31, 2009** to remedy the matters set forth below. State Farm has filed an answer, so Plaintiffs will have to file a motion for leave to amend, which must be accompanied by the proposed amended complaint, a proposed order, and a statement regarding State Farm's consent or opposition to granting leave to amend. Fed. R. Civ. Proc. 15; Local Rule 7.6W.

Plaintiff Sylvia Rabenbauer alleges that she was injured in a car accident and has been treated for matters such as herniated disks, post-concussion syndrome, cervical strain and spasm, and hearing loss. She alleges that she settled with the other driver's insurance company for the full policy limits (which amount is not disclosed). Plaintiffs allege that

Mrs. Rabenbauer also received an unconditional tender from her insurer, State Farm, for $15,000. Plaintiffs allege that the amount paid by State Farm is insufficient and that Mrs. Rabenbauer is entitled to recover additional damages from State Farm. Several family members seek recovery for loss of consortium. Plaintiffs make only a general assertion that the amount in controversy exceeds $75,000, despite the prior settlement and unconditional tender. The facts presented are not strongly indicative of an amount in controversy in excess of $75,000 (especially since the amount paid by the other driver's insurer is not disclosed), but when a plaintiff files suit in federal court and asserts the requisite amount in controversy, it controls if the assertion is made in good faith. The court will accept the current allegations as satisfactory regarding the amount in controversy, but Plaintiffs may wish to improve their allegations on this issue if they wish to ensure that all other judges and reviewing courts will agree and not dismiss the case for lack of subject matter jurisdiction (which may happen at any stage of the case). And they should keep in mind that the amount must be satisfied with respect to at least one claimant alone; aggregation of the amounts is not permitted.

Plaintiffs allege that they are "residents" of Florida. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may simultaneously be a resident of several states, but he has domicile in only one state at a time, and he is a citizen

for diversity purposes of the state of his domicile. Plaintiffs should clearly allege the state(s) of their domicile/citizenship in their amended complaint.

Plaintiffs name as defendant State Farm Insurance Company, which they describe as a "foreign insurance company authorized to do and doing business in the State of Louisiana." That is insufficient. Assuming Plaintiffs are citizens of Florida, it does not preclude the possibility that State Farm is also a Florida citizen. We know only that State Farm is a "foreign corporation," which suggests that it is incorporated in some state other than Louisiana. That state might be Florida. There are specific rules governing the citizenship of corporations, and allegations in accordance with those rules, set forth below, will remove all doubt about such issues.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir.

1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation").

An answer was filed by State Farm Mutual Automobile Insurance Company (which said that it had been erroneously named in the complaint as State Farm Insurance Company). State Farm admitted the allegations regarding foreign status, but it did not volunteer either its state of incorporation or its principal place of business. Accordingly, Plaintiffs must set forth in their amended complaint an allegation of the state in which State Farm Mutual Automobile Insurance Company (if that is the defendant they choose to sue) is incorporated and the state where it has its principal place of business.[1] Counsel for State Farm is encouraged to voluntarily provide this information to counsel for Plaintiffs to avoid delay on this preliminary issue. If State Farm refuses to provide Plaintiffs its citizenship information, Plaintiffs may file a motion for leave to conduct discovery on the issue.

Once the amended complaint has been filed, the court will review it to determine whether it provides a basis for the exercise of subject-matter jurisdiction. If so, a scheduling conference will be set before the undersigned for the purpose of selecting a trial date and related deadlines.

---

[1] The test for determining a corporation's principal place of business is set forth in cases such as <u>Teal Energy USA, Inc. v. GT, Inc.</u>, 369 F.3d 873 (5th Cir. 2004).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of August, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE